## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Lang, Sr., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Pennsylvania Higher Education Assistance Agency, a/k/a PHEAA, a/k/a American Education Services, a/k/a AES, a/k/a FedLoan Servicing<br>Serve:<br>1200 North 7th St.<br>Harrisburg, PA 17102<br><br>        Defendant. | Case No.<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>*Electronically Filed* |

## COMPLAINT

Plaintiff Anthony Lang, Sr. (the "Named Plaintiff"), individually and on behalf of all others similarly situated, for his Complaint against Pennsylvania Higher Education Assistance Agency (hereinafter "Defendant," a/k/a PHEAA, a/k/a American Education Services, a/k/a AES, a/k/a FedLoan Servicing) states as follows:

### Nature of Case

1.    Defendant employs hundreds of people to staff customer service telephone lines at call centers in Pennsylvania.  During the three-year period preceding this action, Defendant required these call center employees to arrive to

work early, without pay, to log into various computer applications to be ready to begin handling calls at the beginning of their paid shift.   As such, Defendant received unpaid labor from its employees each day.   This lawsuit is brought as (a) an opt-in class (or "collective") action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and (b) a Rule 23 class action under the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.*

### Parties, Jurisdiction, and Venue

2.     Plaintiff Anthony Lang, Sr., resides in Harrisburg, Pennsylvania and has worked at Defendant's call center facility in Mechanicsburg, Pennsylvania. Plaintiff is a citizen of the Commonwealth of Pennsylvania.   Plaintiff brings this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated employees employed in Defendant's call centers in the last three years.   On information and belief, one or more members of the putative class is a citizen of a state other than Pennsylvania.

3.     Defendant is one of the nation's largest student loan service providers to customers throughout the United States.   It is organized under the laws of Pennsylvania, 24 P.S. § 5101, and its headquarters are located in Harrisburg, Pennsylvania.   It is a citizen of the Commonwealth of Pennsylvania.

4.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.   Subject matter

2

jurisdiction over Plaintiff's and other similarly situated employees' FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     The Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  This Court also has subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(d) because this case is brought as a class action with an amount in controversy in excess of $5,000,000, exclusive of interest and costs, and is a class action in which, on information and belief, at least some members of the putative class are citizens of one or more states different from the state of citizenship of Defendant.

6.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendant does business in this district, operates a call center in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

### General Allegations

7.     The United States Supreme Court has held that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA.  *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to the call centers operated by Defendant.

3

8.     Plaintiff and similarly situated employees engage in preparatory activities and other related work activities that are integral and indispensable for them to perform their customer service duties.  Defendant did not pay its hourly employees who staffed telephones in its call centers for this work time; consequently, these employees consistently worked "off the clock" and without pay.  Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, and applicable state law, Plaintiff and all similarly situated employees are entitled to compensation for the time spent working before their paid shift.

9.     Defendant uniformly denied wages and overtime pay to its employees by requiring them to perform "off the clock" work.  Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, the Pennsylvania Wage Payment and Collection Law, and the Pennsylvania Minimum Wage Act.

10.     Defendant paid Plaintiff and its other employees who staffed customer service telephone lines at its call center facilities on an hourly basis, and classified Plaintiff and other similarly situated employees as "non-exempt" from minimum wage and overtime laws.

11.     Defendant did not accurately record for payroll purposes all time worked by its call center employees, and specifically did not include time these

employees spent performing integral and indispensable job duties, including logging into various computer applications before the beginning of their paid shift.

12.     Defendant required these call center employees to be on the phone at the beginning of their paid shift.  This meant the employee must perform the following tasks before their paid shift: (1) starting up computers; (2) logging on to Defendant's computer and telephone network; (3) opening job-related computer programs; (4) reviewing job-related memoranda and/or e-mail; and (5) completing other essential tasks.

13.     Defendant did not pay its call center employees to perform these and other integral and indispensable tasks.

14.     On information and belief, Defendant adhered to the same policies and practices with respect to its hourly employees who staffed telephone lines at all of its call centers.

15.     The net effect of Defendant's policies and practices, instituted and implemented by company managers, is that Defendant willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.

## Collective and Class Action Allegations

16.     Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

17.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record, and pay for, all hours worked, including overtime compensation.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

18.     Plaintiff brings Count II as a class action under Fed. R. Civ. P. 23, on behalf of himself and a class defined as follows:

> All current and former hourly workers employed by Defendant to handle customer calls in any of its call centers during the applicable statute of limitations.

19.     The state law claims in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Fed. R. Civ. P. 23(a) and (b)(3).

20.     The class consists of at least hundreds of persons who are dispersed throughout Pennsylvania, and elsewhere.  As a result, the class is sufficiently numerous and joinder of all class members in this action is impracticable.

21.     Questions of fact and law common to the Class predominate over any questions affecting only individual class members.  The predominating questions of law and fact common to the class consist of at least the following:

Whether Defendant had a policy requiring its call center workers to work unpaid time before their paid shift, to perform tasks such as logging into computer and telephone network systems, starting computer applications, and reading job-related memoranda or emails.

Whether Defendant's policy requiring its call center workers to work unpaid time before their paid shift is a violation of Pennsylvania law.

Whether the unpaid pre-shift tasks are integral and indispensable to the principle job duties of the class.

Whether Defendant failed to record all work time, including time spent before their paid shift, to perform tasks such as logging into computer and telephone network systems, starting computer applications, and reading job-related memoranda or emails.

Whether Defendant's conduct in violating the minimum wage and overtime laws was willful or in good faith.

22.     Plaintiff's claims are typical of those of the class because he and the class members have worked under a common policy, performed similar unpaid job-related pre-shift tasks under that common policy, and were similarly uncompensated for those pre-shift tasks.

23.     A class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members creates a risk of inconsistent and varying adjudications, establishing inconsistent and incompatible standards of conduct for Defendant at its call centers, and/or substantially impairing or impeding the ability of class members to protect their legal rights and interests.

Separate lawsuits would put an unnecessary and undue burden on the courts by requiring them to adjudicate numerous claims under virtually identical law, facts, and circumstances.

24.     Plaintiff is an adequate class representative because he is a member of the class and his interests do not conflict with the interests of the class he seeks to represent.  The interests of class members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class litigation.

### Count I:  Violation of the Fair Labor Standards Act

25.     Plaintiff and other similarly situated persons incorporate herein the allegations set forth above.

26.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

27.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

28.     Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

29.     Defendant violated the FLSA by failing to pay for overtime as described herein.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

30.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.   None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

31.     Plaintiff and all similarly situated employees are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to its hourly employees in all of its call centers.

32.     Plaintiff and all similarly situated employees are entitled to damages incurred within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

33.     Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

34.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.   Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

**Count II:  Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act**

35.     Plaintiff and other similarly situated persons incorporate herein the allegations set forth above.

36.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act.

37.     The Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act regulate, among other things, the payment of wages for all hours worked, and overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty hours in a week.  43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

38.     Defendant is subject to the minimum wage and overtime pay requirements of the Pennsylvania Wage Payment and Collection Law and the

Pennsylvania Minimum Wage Act, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

39.     Defendant violated the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act by failing to record and pay for all hours worked, including but not limited to overtime.

40.     43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the exemptions apply to Plaintiff or other similarly situated employees.

41.     Plaintiff and all similarly situated employees are victims of a uniform compensation policy.  On information and belief, Defendant is applying the same unlawful compensation policy to its hourly employees in all of its call centers.

42.     Plaintiff and all similarly situated employees are entitled to special damages in the form of "liquidated damages" as set forth by statute because Defendant acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

43.     Alternatively, should the Court find Defendant acted in good faith, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44.     As a result of the aforesaid willful violations of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act,

compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and expenses and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Date:  June 29, 2012                    Respectfully submitted,

                                        MCCARTHY WEISBERG CUMMINGS, P.C.

                                        /s/ Larry A. Weisberg
                                        _____
                                        Larry A. Weisberg
                                        lweisberg@mwcfirm.com
                                        James J. McCarthy, Jr.
                                        jmccarthy@mwcfirm.com
                                        Derrek W. Cummings
                                        dcummings@mwcfirm.com
                                        2041 Herr St.
                                        Harrisburg, PA 17103
                                        Tele:  (717) 238-5707
                                        Fax:   (717) 233-8133

                                        STUEVE SIEGEL HANSON LLP
                                        George A. Hanson (*pro hac pending*)
                                        hanson@stuevesiegel.com
                                        Lee R. Anderson   (*pro hac pending*)
                                        anderson@stuevesiegel.com
                                        460 Nichols Road, Suite 200
                                        Kansas City, MO 64112
                                        Tele:  (816) 714-7100
                                        Fax:   (816) 714-7101
                                        **ATTORNEYS FOR PLAINTIFFS**