UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LANG, SR., individually and on behalf of all others similarly situated, | : : : : | Case No. 12-cv-1247 |
| | : : | **(Judge John E. Jones III)** |
| Plaintiffs, | : : | |
| v. | : : | |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | : : : : : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
<u>COUNT II OF PLAINTIFF'S COMPLAINT</u>**

                Daniel B. Huyett (PA 21385)
                Kenneth D. Kleinman (PA 31770)
                Jo Bennett (PA 78333)
                Neil C. Schur (PA 79068)
                STEVENS & LEE, P.C.
                1818 Market Street, 29th Floor
                Philadelphia, PA 19103
                Phone: 215-751-2883
                Fax: 610-988-0869
                dbh@stevenslee.com
                kdk@stevenslee.com
                jb@stevenslee.com
                ncsc@stevenslee.com

                Attorneys for Defendant, Pennsylvania Higher Education Assistance Agency

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................ 1

III. STATEMENT OF QUESTIONS INVOLVED ................................................. 2

IV. ARGUMENT .................................................................................................... 2

    A. PHEAA Is a Commonwealth Agency. ..................................................... 2

    B. The Court Should Dismiss Count II With Prejudice Because Pennsylvania's Sovereign Immunity Act Immunizes PHEAA from Liability Under the Wage Payment and Collection Law and the Minimum Wage Act. ................................................................................. 5

    C. The Court Should Dismiss Plaintiff's Minimum Wage Act Claim With Prejudice Because the Statute Is Not Applicable to Employees of PHEAA. ........................................................................... 6

    D. The Court Should Dismiss Plaintiff's Wage Payment and Collection Law Claim With Prejudice Because the Statute Exempts Commonwealth Agencies. ........................................................................ 7

V. CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Gen. State Auth. v. Pacific Indem. Co.*,
   354 A.2d 56 (Pa. Commw. Ct. 1976) ................................................................. 4

*Greenfield v. Pennsylvania Ins. Guar. Ass'n*,
   353 A.2d 918 (Pa. Commw. Ct. 1976) ............................................................... 4

*Heiser v. SEPTA*,
   Slip Op., C.C.P. Phila. July Term 1999 No. 3167 (Nov. 30, 2001) .................... 6

*Huffman v. Borough of Millvale*,
   591 A.2d 1137 (Pa. Commw. Ct. 1991) ............................................................. 7

*Kennedy v. Delaware River Joint Toll Bridge Comm'n*,
   354 A.2d 52 (Pa. Commw. Ct. 1976) ................................................................. 4

*Larsen v. State Employees Ret. Sys.*,
   553 F. Supp. 2d 403 (M.D. Pa. 2008) ................................................................ 5

*Linko v. American Education Servs.*,
   2012 WL 1439052 (M.D. Pa. Apr. 26, 2012) ..................................................... 4

*Parsons v. PHEAA*,
   910 A.2d 177 (Pa. Commw. Ct. 2006) ............................................................... 3

*PHEAA v. Xed*,
   456 A.2d 725 (Pa. Commw. Ct. 1983) ............................................................... 3

*Richmond v. PHEAA*,
   297 A.2d 544 (Pa. Commw. Ct. 1972) ............................................................... 3

*Skehan v. State Sys. of Higher Educ.*,
   815 F.2d 244 (3d Cir. 1987) ............................................................................... 3

*Ujevich v. City of Clairton*,
   1 Pa. D. & C.4th 66 (Pa. Com. Pl. 1988) ........................................................... 7

*United Brokers Mortgage Co. v. Fid. Philadelphia Trust Co.*,
   26 Pa.Cmwlth. 260, 363 A.2d 817 (1976) ......................................................... 5

SL1 1190490v2 061701.00145

*Watrel v. Commonwealth Dep't of Educ.*,
    488 A.2d 378 (Pa. Commw. Ct. 1985) ................................................................5

**Statutes, Rules & Regulations**

1 Pa. C.S.A. § 2310 ............................................................................................1, 5, 8

2 Pa. C.S.A. § 101 ....................................................................................................6

24 P.S. § 5101 ..........................................................................................................3

24 P.S. §§ 5101-5112 ..............................................................................................3

24 P.S. § 5102 ..........................................................................................................3

24 P.S. § 5104 ..........................................................................................................3

24 P.S. § 5104.1 .......................................................................................................3

24 P.S. § 5104.3 .......................................................................................................3

24 P.S. § 5105.1 .......................................................................................................3

24 P.S. § 5151-5159 ................................................................................................3

29 U.S.C. §§ 201-219 ("FLSA") .............................................................................1

42 Pa. C.S.A. § 102 ..................................................................................................6

42 Pa. C.S.A. § 761 ..................................................................................................3

42 Pa. C.S.A. § 8501 ................................................................................................5

42 Pa. C.S.A. §§ 8521-8528 ............................................................................1, 5, 8

42 Pa. C.S.A. § 8522 ................................................................................................6

43 P.S. §§ 260.1-260.45 ...........................................................................................2

43 P.S. §§ 333.101-333.115 .....................................................................................2

55 P.S. § 600.303 .....................................................................................................7

Federal Rule of Civil Procedure 12(b)(1) .......................................................1, 7, 8

Federal Rule of Civil Procedure 12(b)(6) .......................................................1, 7, 8

Official Opinion, Office of the Attorney General of the State of
    Pennsylvania, 1976 PA. AG LEXIS 30 (1976) .................................................. 6, 7

Pa. R.A.P. 106 ......................................................................................................... 3

SL1 1190490v2 061701.00145

## I. INTRODUCTION

Defendant, Pennsylvania Higher Education Assistance Agency ("PHEAA"), moves the Court for entry of an order dismissing, with prejudice, the state law claims asserted in Count II of the Complaint.[1]

First, as an agency of the Commonwealth of Pennsylvania, PHEAA is immune from suit under Pennsylvania's Sovereign Immunity Act, 42 Pa. C.S.A. §§ 8521-8528 and 1 Pa. C.S.A. § 2310. Accordingly, the Court lacks subject matter jurisdiction over Count II of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

In addition, Pennsylvania's Minimum Wage Act is not applicable to employees of PHEAA, and PHEAA is not subject to Pennsylvania's Wage Payment and Collection Law. As a result, Count II fails to state a claim as a matter of law or, alternatively, the Court lacks jurisdiction over PHEAA with regard to these claims. Accordingly, the Court should dismiss Count II pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 29, 2012, Plaintiff Anthony Lang, Sr. ("Lang") filed his Complaint ("Compl.") in this action. (Doc. 1). In Count I, Lang alleges that PHEAA has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Compl.

---

[1] PHEAA is filing an Answer as to Count I of the Complaint.

1
SL1 1190490v2 061701.00145

¶¶ 25-34.  In Count II, Lang alleges that PHEAA has violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.45, and the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101-333.115.  Compl. ¶¶ 35-44.

Lang alleges that PHEAA improperly requires call center employees to arrive to work early to log into computer applications to be ready to begin handling calls at the beginning of their paid shifts.  Compl. ¶¶ 1, 8-15.

He brings his claim as an opt-in class (collective) action under the FLSA and as a Rule 23 class action under the Pennsylvania statutes cited above.  He defines the putative class as himself and "all other similarly situated employees employed in Defendant's call centers in the last three years."  Compl. ¶¶ 1, 16-24.

### III.  STATEMENT OF QUESTIONS INVOLVED

1. Is PHEAA a Commonwealth Agency?

2. Does Pennsylvania's Sovereign Immunity Act immunize PHEAA from liability under Pennsylvania's Wage Payment and Collection Law and Minimum Wage Act?

3. Is Pennsylvania's Minimum Wage Act applicable to employees of PHEAA?

4. Is PHEAA subject to Pennsylvania's Wage Payment and Collection Law?

### IV.  ARGUMENT

#### A.  PHEAA Is a Commonwealth Agency.

Pennsylvania law unquestionably treats PHEAA as a Commonwealth agency.  PHEAA was created as an agency of the Commonwealth by the

2

Pennsylvania General Assembly on August 7, 1963. *See* 24 P.S. §§ 5101-5112. Under these provisions, PHEAA is designated as a "public corporation and government instrumentality." 24 P.S. § 5101.

PHEAA was created for a governmental purpose: to "improve the higher educational opportunities of persons who are residents of this Commonwealth." 24 P.S. § 5102. This purpose is recognized by courts as a function of Commonwealth government. *See Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244, 248 (3d Cir. 1987) (providing education is a function of state government). All of PHEAA's powers are controlled by the Commonwealth, and its duties are imposed by the Commonwealth. All of PHEAA's powers and duties are set forth in its enabling legislation or other statutes. 24 P.S. § 5104; *see id.* at §§ 5104.1, 5104.3, 5105.1, 5151-5159.

Pennsylvania's judicial branch has consistently held that PHEAA is a Commonwealth agency. Pennsylvania's Commonwealth Court has original jurisdiction of only those disputes in which Pennsylvania or its officers are a party. 42 Pa. C.S.A. § 761. Pa. R.A.P. 106 includes PHEAA in the definition of "Commonwealth" for purposes of the court's original jurisdiction and the Commonwealth's sovereign immunity. *Richmond v. PHEAA*, 297 A.2d 544, 546-47 (Pa. Commw. Ct. 1972); *Parsons v. PHEAA*, 910 A.2d 177, 182-83 (Pa. Commw. Ct. 2006); 910 A.2d at 182-83; *PHEAA v. Xed*, 456 A.2d 725, 726 (Pa.

Commw. Ct. 1983); *Greenfield v. Pennsylvania Ins. Guar. Ass'n*, 353 A.2d 918, 920 (Pa. Commw. Ct. 1976); *Gen. State Auth. v. Pacific Indem. Co.*, 354 A.2d 56, 58 (Pa. Commw. Ct. 1976); *Kennedy v. Delaware River Joint Toll Bridge Comm'n*, 354 A.2d 52, 55 (Pa. Commw. Ct. 1976).

Federal courts, including this Court, have recognized PHEAA's status as a Commonwealth agency. In *Linko v. American Education Servs.*, No. 12-cv-355, 2012 WL 1439052 (M.D. Pa. Apr. 26, 2012) (Jones), the Court held in a case brought pursuant to the Fair Credit Extension Uniformity Act that PHEAA was a Commonwealth agency. The Court reasoned:

> [T]he FCEUA expressly excludes from the term "debt" any "amount owed to the United States or the Commonwealth." 73 Pa. Stat. § 2270.3. *As the Defendants point out, PHEAA, the owner of the debt, is a statutorily-created entity of the Commonwealth of Pennsylvania. See 24 Pa. Stat. § 5101. Thus, the debt subject to collection is owed to the Commonwealth and expressly excluded from FCEUA.*

*Id.* at *4 (emphasis added).[2]

---

[2] A copy of the Court's opinion in *Linko* is attached hereto as Exhibit A.

4

## B. The Court Should Dismiss Count II With Prejudice Because Pennsylvania's Sovereign Immunity Act Immunizes PHEAA from Liability Under the Wage Payment and Collection Law and the Minimum Wage Act.

Lang's Count II purports to state two claims under Pennsylvania law: one under the Wage Payment and Collection Law, the other under the Minimum Wage Act. Both are barred by state-law sovereign immunity.

The Pennsylvania General Assembly has reaffirmed by statute the sovereign immunity of the Commonwealth and its agencies and employees. *Larsen v. State Employees Ret. Sys.,* 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing *Shoop v. Dauphin County*, 766 F.Supp. 1327, 1333-34 (M.D. Pa. 1991)). That statute provides that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S.A. § 2310; *see also* 42 Pa. C.S.A. §§ 8521-8528. This immunity applies to Commonwealth agencies such as PHEAA. *Larsen,* 553 F. Supp. 2d at 420; *Watrel v. Commonwealth Dep't of Educ.*, 488 A.2d 378, 380 (Pa. Commw. Ct. 1985); *United Brokers Mortgage Co. v. Fid. Philadelphia Trust Co.*, 363 A.2d 817, 819-21 (Pa. Commw. Ct. 1976).

Pennsylvania's immunity statute defines "Commonwealth party" as "[a] Commonwealth agency and any employee thereof ..." 42 Pa. C.S.A. § 8501. It further defines "Commonwealth agency" as "[a]ny executive agency or

5

independent agency"). 42 Pa. C.S.A. § 102. For all of these reasons, PHEAA is a Commonwealth agency.

Claims under the Wage Payment and Collection Law and the Minimum Wage Act are not covered by any of the exceptions to Pennsylvania's Sovereign Immunity Act. 42 Pa. C.S.A. § 8522. Accordingly, the act immunizes PHEAA, and the Court should dismiss Count II with prejudice.

### C. The Court Should Dismiss Plaintiff's Minimum Wage Act Claim With Prejudice Because the Statute Is Not Applicable to Employees of PHEAA.

Within Count II, Plaintiff attempts to state a claim under Pennsylvania's Minimum Wage Act. This claim fails, however, because the Minimum Wage Act is not applicable to employees of the Commonwealth and its political subdivisions and instrumentalities. *Heiser v. SEPTA*, Slip Op., C.C.P. Phila. July Term 1999 No. 3167, at 8-10 (Nov. 30, 2001), attached hereto as Exhibit B.

Municipal corporations and government agencies are exempt from the definition of "employer" under the Minimum Wage Act. *Id.* Commonwealth agencies are considered government agencies. 2 Pa. C.S.A. § 101 (defining "government agencies" as "[a]ny *commonwealth agency* of any political subdivision or municipal or local authority or any officer or agency of any such political subdivision or local authority") (emphasis added); *Heiser*, Exhibit B, at 8-10. *See generally* Official Opinion, Office of the Attorney General of the State

6

of Pennsylvania, 1976 PA. AG LEXIS 30 (1976) (opining that the Minimum Wage Act is not applicable to employees of the Commonwealth and its political subdivisions and instrumentalities).

Accordingly, this portion of Count II fails to state a claim and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, the Court lacks jurisdiction over PHEAA with regard to this portion of Count II and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1).

### D. The Court Should Dismiss Plaintiff's Wage Payment and Collection Law Claim With Prejudice Because the Statute Exempts Commonwealth Agencies.

Within Count II, Plaintiff attempts to state a claim under Pennsylvania's Wage Payment and Collection Law. However, PHEAA is an instrumentality or agency of the Commonwealth. 55 P.S. § 600.303. Commonwealth agencies are not subject to the Wage Payment and Collection Law. *Huffman v. Borough of Millvale*, 591 A.2d 1137 (Pa. Commw. Ct. 1991); *Ujevich v. City of Clairton*, 1 Pa. D. &. C.4th 66 (Pa. Com. Pl. 1988). Accordingly, this portion of Count II fails to state a claim and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, the Court lacks jurisdiction over PHEAA with regard to this portion of Count II and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1).

## V. CONCLUSION

PHEAA is an agency of the Commonwealth and therefore immune from Plaintiff's state-law claims pursuant to Pennsylvania's Sovereign Immunity Act, 42 Pa. C.S.A. §§ 8521-8528 and 1 Pa. C.S.A. § 2310.  The Court should dismiss Count II with prejudice, because the Court lacks jurisdiction over the state law claims.

Moreover, the Minimum Wage Act is not applicable to employees of PHEAA, and PHEAA is not subject to the Wage Payment and Collection Law.  As a result, Count II fails to state a claim as a matter of law or, alternatively, the Court lacks jurisdiction over PHEAA with regard to these claims.  Accordingly, the Court should dismiss Count II pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated:  September 11, 2012         **STEVENS & LEE**

By _s/ Jo Bennett_
Daniel B. Huyett (PA 21385)
Kenneth D. Kleinman (PA 31770)
Jo Bennett (PA 78333)
Neil C. Schur (PA 79068)
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: 215-751-2883
Fax: 610-988-0869
dbh@stevenslee.com
kdk@stevenslee.com
jb@stevenslee.com
ncsc@stevenslee.com

8

Attorneys for Defendant, Pennsylvania
Higher Education Assistance Agency