# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY LANG, SR., individually
and on behalf of all others similarly
situated,

       Plaintiffs,

   v.

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE
AGENCY,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 12-cv-1247

**(Judge John E. Jones III)**

## DEFENDANT'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS
## COUNT II OF PLAINTIFF'S COMPLAINT

Daniel B. Huyett (PA 21385)
Kenneth D. Kleinman (PA 31770)
Joseph P. Hofmann (PA 58384)
Jo Bennett (PA 78333)
Neil C. Schur (PA 79068)
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: 215-751-2883
Fax: 610-988-0869
dbh@stevenslee.com
kdk@stevenslee.com
jph@stevenslee.com
jb@stevenslee.com
ncsc@stevenslee.com

Attorneys for Defendant, Pennsylvania
Higher Education Assistance Agency

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................ 1

II.     ARGUMENT ............................................................................................... 2

     A.   Plaintiff's State-Law Wage Claims Are Barred by the
         Pennsylvania Sovereign Immunity Act. ..................................................... 2

     B.   The Legislature Has Not Waived Sovereign Immunity Under the
         Wage Laws............................................................................................... 9

         1.   The Legislature Has Not Expressly Waived Immunity Under Either
              the WPCL or the MWA. .................................................................. 10

         2.   The Legislature Expressly States When It Has Waived Sovereign
              Immunity. ...................................................................................... 14

     C.   The WPCL and the MWA Do Not Apply to PHEAA Because
         PHEAA Is Not an "Employer" Under Either Statute. ............................. 15

         1.   Pennsylvania Courts Have Held That the WPCL Does Not Apply to
              "Public" Corporations. ................................................................... 15

         2.   Pennsylvania's Attorney General Has Determined That the MWA
              Does Not Apply to the Commonwealth and Its Agencies Because
              They Are Not "Employers" Under the Statute. ............................... 17

III.    CONCLUSION ........................................................................................ 19

# TABLE OF AUTHORITIES

**Cases**

*Chatterjee v. School Dist. Of Phila.,*
    170 F. Supp. 2d 509 (E.D. Pa. 2001) ................................................................. 16

*Commonwealth of Pennsylvania ex rel Pappert v. Coy,*
    860 A.2d 1201 (Pa. Commw. Ct. 2004) ............................................................. 18

*Cooper v. SEPTA,*
    548 F.3d 296 (3d Cir. 2008) ................................................................................. 4

*Feingold v. Southeastern Pennsylvania Transportation Authority,*
    517 A.2d 1270 (Pa. 1986) ..................................................................................... 4

*Greenfield v. Pennsylvania Insurance Guaranty Association,*
    353 A. 2d 918 (Pa. Commw. Ct. 1976) ............................................................... 8

*Heiser v. Southeastern Pennsylvania Transportation Authority,*
    C.C.P. Phila. July Term 1999 No. 3167 (Pa. Com. Pl. Nov. 30, 2001) ....... 16, 17

*Huffman v. Borough of Millvale,*
    591 A.2d 1137 (Pa. Commw. Ct. 1991) ........................................................ 15, 16

*Mansfield State Coll. v. Kovach,*
    407 A.2d 1387 (Pa. Commw. Ct. 1979) ............................................................. 14

*Marshall v. Port Authority of Allegheny County,*
    568 A.2d 931 (Pa. 1990) ........................................... 2, 3, 4, 6, 11, 12, 13

*Mayle v. Pennsylvania Department of Highways,*
    388 A.2d 709 (Pa. 1978) ........................................................................ 10, 11, 12

*PHEAA v. Reid,*
    15 Pa. D. & C.3d 661 (Pa. Com. Pl. 1980) ..................................................... 8, 9

*PHEAA v. Xed,*
    456 A.2d 725 (Pa. Commw. Ct. 1983) ................................................................. 8

*Philipsburg-Osceola Educ. Ass'n. v. Philipsburg-Osceola Area School Dist.,*
    633 A.2d 220 (Pa. Commw. Ct. 1993) ............................................................... 16

*Pievsky v. Ridge,*
    98 F.3d 730 (3d Cir. 1996) ........................................................... 18

*Richmond v. Pennsylvania Higher Education Assistance Agency,*
    297 A. 2d 544 (Pa. Commw. Ct. 1972) ...................................... 7, 8

*Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania,*
    985 A.2d 909 (Pa. 2009) ..................................................... 3, 4, 5, 6

*Toombs v. Manning,*
    835 F.2d 453 (3d Cir. 1987) .................................................. 4, 6, 12

**Statutes, Rules & Regulations**

1 Pa.C.S. § 2310 ............................................................... 2, 9, 12

24 P.S. § 5101 ........................................................................ 4,5

24 P.S. § 5102 ....................................................................... 5, 7

24 P.S. § 5103(a) ...................................................................... 7

24 P.S. §§ 5104(1.1) .................................................................. 7

24 P.S. § 5104(3) .................................................................... 5,7

24 P.S. §5105.1(a) ..................................................................... 7

24 P.S. § 5105.6 ..................................................................... 4, 5

24 P.S. § 5105.10 ....................................................................... 5

24 P.S. § 5108 ........................................................................... 7

24 P.S. § 5110 ........................................................................... 5

42 Pa.C.S. § 102 .................................................................... 3, 7

42 Pa. C.S. § 8501 ..................................................................... 2

43 P.S. § 260.2a ...................................................................... 15

43 P.S. § 333.103 .................................................................... 15

43 P.S. § 333.103(g) ........................................................................... 13

43 P.S. § 954(b) .................................................................................. 14

55 P.S. § 553(b)(2) .............................................................................. 6

71 P.S. § 111.2 ................................................................................. 7, 8

71 P.S. § 732-204(c) ......................................................................... 6, 7

71 P.S. § 732-204(f) ............................................................................ 7

72 P.S. § 306 ................................................................................... 5, 7

72 P.S. § 307 ................................................................................... 5, 7

72 P.S. § 1501 ................................................................................. 5, 7

72 P.S. § 1502 ................................................................................. 5, 7

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1

## Other Authorities

PA. CONST. Art. III, § 24 .................................................................... 5

SL1 1200041v1 061701.00145

# I. **INTRODUCTION**

The Court should dismiss Count II of Plaintiff's Complaint because PHEAA, as a Commonwealth agency, is immune from suit under Pennsylvania's Sovereign Immunity Act.  An entity qualifies for immunity if the state created the entity to perform a state function such that a judgment against it would injure the state.  PHEAA readily satisfies these factors.  As a result, PHEAA is entitled to immunity unless the General Assembly clearly waives that immunity.  Because the legislature has not expressly waived PHEAA's immunity under the Sovereign Immunity Act, the Wage Payment and Collection Law ("WPCL"), or the Pennsylvania Minimum Wage Act ("MWA"), the Court lacks subject matter jurisdiction over Count II of the Complaint.   Alternatively, Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) because PHEAA is not an "employer" within the meaning of the WPCL and the MWA.

Plaintiff asks this Court to rule that the WPCL and MWA apply to the Commonwealth's nearly 80,000 employees, even though the Commonwealth Court has ruled and the Attorney General has opined to the contrary.[1]  Each of

---

[1]   This Court may take judicial notice of publicly available information about employment totals.  *See* www.employment.pa.gov.  In his brief, Plaintiff minimizes the impact of a ruling in his favor and suggests that such a ruling would not mean that all 80,000 Commonwealth employees would be covered by the statutes.  However, as explained in Section II.A of this brief, that would be the precise result.

1

Plaintiff's three arguments is easily rejected.  <u>First</u>, he contends that PHEAA is not entitled to sovereign immunity because no "Commonwealth" money is at risk in this lawsuit.  But he ignores that any funds that would be used to satisfy a judgment actually belong to the Commonwealth and, as a result, any judgment against PHEAA injures the Commonwealth.  <u>Second</u>, Plaintiff's argument that the Pennsylvania legislature intended the MWA to apply to Commonwealth agencies is likewise defective.  This convoluted contention fails because the plain language of the sovereign immunity statute supersedes the inferences Plaintiff attempts to draw from various amendments to the MWA.  <u>Third</u>, Plaintiff argues that the term "corporation" in the definitional sections of the WPCL and the MWA includes both private and public corporations and, therefore, both statutes apply to PHEAA, a "public corporation."  Case law and other legal authority, however, demonstrate that the statutes apply only to private corporations.

## II.  ARGUMENT

### A.  Plaintiff's State-Law Wage Claims Are Barred by the Pennsylvania Sovereign Immunity Act.

PHEAA is entitled to immunity under Pennsylvania's Sovereign Immunity Act. 1 Pa. C.S.A. § 2310; 42 Pa.C.S. §§ 8501, 8521.  In Pennsylvania, sovereign immunity is available to a Commonwealth party, defined as "a Commonwealth agency and any employees thereof."  42 Pa.C.S. § 8501; *Marshall v. Port Authority of Allegheny County*, 568 A.2d 931, 933 (Pa. 1990).  By definition, a

2

"Commonwealth agency" includes boards, commissions, authorities, and other agencies "of the Commonwealth government." 42 Pa.C.S. § 102; *Marshall*, 568 A.2d at 933.

In determining whether an entity is a Commonwealth agency, courts examine legislative intent by looking first at the language of the statute. If the statutory language is not dispositive, courts turn to additional factors to discern whether the Pennsylvania General Assembly intended an entity to be a Commonwealth agency. In *Marshall*, for example, the Supreme Court held that the Port Authority was entitled to sovereign immunity because the statutory language creating the Port Authority stated that it was an agency of the Commonwealth. 568 A.2d at 933-34. When statutory language does not clearly identify Commonwealth agency status, the Pennsylvania Supreme Court has instructed that "the important factors to be considered are whether the entity was created by the state to perform a state function so that a judgment against it would, in essence, injure the state." *Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania*, 985 A.2d 909, 913 (Pa. 2009) (citing *James J. Gory Mechanical Contracting, Inc. v. Philadelphia Housing Authority*, 855 A.2d 669, 677 (Pa. 2004)).

Here, PHEAA's enabling statute expressly identifies PHEAA as a Commonwealth agency. Indeed, in the enabling legislation, the General Assembly

3

specifically identified PHEAA as a "government instrumentality" and an "agency."[2]  24 P.S. § 5101.  Thus, under the plain language of the statute, this Court should conclude that PHEAA is a Commonwealth agency.  *Marshall*, 568 A.2d at 933-34.

Even if the Court looks beyond PHEAA's agency designation in 24 P.S. § 5101, an analysis of the *Snead* factors compels the same result -- that PHEAA is a Commonwealth agency.  Plaintiff's reliance on *Snead* is perplexing, because PHEAA meets the *Snead* test as well.[3]  There is no question that PHEAA was "created to perform a state function."  The Pennsylvania legislature created PHEAA "in all respects for the benefit of the people of the Commonwealth" to serve "public purposes" and the "essential governmental function" of "improv[ing]

---

[2]  24 P.S. § 5101 states in full:

There is hereby created a body corporate and politic constituting a public corporation and government instrumentality which shall be known as the "Pennsylvania Higher Education Assistance Agency".

[3]  Plaintiff also cites the Third Circuit's decision in *Cooper v. SEPTA*, 548 F.3d 296, 299 (3d Cir. 2008), apparently with the belief that the decision supports Plaintiff's position.  *Cooper* does not.  *Cooper* addressed SEPTA's status vis-à-vis the 11th Amendment to the U.S. Constitution, which is not at issue in this Motion.  The Third Circuit and the Pennsylvania Supreme Court have held that SEPTA is a Commonwealth agency entitled to immunity under Pennsylvania's immunity statute.  *Toombs v. Manning*, 835 F.2d 453, 457- 65 (3d Cir. 1987); *Feingold v. Southeastern Pennsylvania Transportation Authority*, 517 A.2d 1270, 1275 (Pa. 1986).

4

the higher education opportunities of persons who are residents of Pennsylvania."[4] 24 P.S. §§ 5101, 5102 and 5105.6. Plaintiff does not contend otherwise.

Instead, he argues PHEAA is not a Commonwealth agency because a judgment in this case would not burden the Commonwealth treasury. Plaintiff is wrong. The critical inquiry is whether a "judgment against [PHEAA] would, in essence, injure the state." *Snead*, 985 A.2d at 913. Because the Commonwealth owns all the funds that would be used to pay a judgment against PHEAA, the Commonwealth would plainly be injured by a judgment against PHEAA. All of PHEAA's revenues <u>must</u> be deposited in the Commonwealth Treasury and <u>must</u> stay there until the Commonwealth Treasurer gives PHEAA permission to spend any money. 24 P.S. §§ 5104(3), 5105.10 and 5110; 72 P.S. §§ 306, 307, 1501, 1502; PA. CONST. Art. III, § 24. The reason PHEAA needs permission from the Commonwealth to spend this money is because these funds belong to the Commonwealth. Thus, any judgment against PHEAA would be paid with the Commonwealth's money and would therefore "injure the state."

---

[4]  PHEAA's enabling statute states that "creation of the agency is in all respects for the benefit of the people of the Commonwealth, for the improvement of their health and welfare, and for the promotion of the economy, and that such purposes are public purposes and the agency will be performing an essential governmental function." 24 P.S. § 5105.6.

5

The dispositive facts in *Snead* are materially different from the facts of this case. *Snead* determined that "there are no indications the General Assembly intended the SPCA to be a Commonwealth agency." *Snead*, 985 A.2d at 913. In observing that the SPCA selected its own directors, the Court concluded that the SPCA was largely autonomous from state control.[5] *Id.*

In sharp contrast, PHEAA has minimal autonomy and is controlled by the state in the same way any state agency would be. Every member of PHEAA's Board of Directors is appointed by either the Governor or the state legislature. 24 P.S. § 5103(a); 71 P.S. § 111.2. The 20-member PHEAA board consists of the

---

[5]  The Court in *Snead* noted that the SPCA was incorporated by the legislature in 1868 and that special legislation was commonly used to incorporate private corporations before 1874. The same does not hold true with regard to PHEAA. At the time PHEAA was created in 1963, private corporations could be formed by individuals. *See* Act of May 5, 1933 (P.L. 364, No. 106) at Section 201.

In creating the SPCA, the legislature authorized the SPCA to "sue and be sued." In a footnote, the *Snead* Court stated that the "sue and be sued" clause "suggested" that the General Assembly did not intend to establish the SPCA as a state agency. 985 A.2d at 913, n.5. However, the Supreme Court also observed that such language did not did not necessarily defeat a sovereign immunity claim. Indeed, many agencies are entitled to immunity under Pennsylvania's immunity statute even though they may sue and be sued. *See Toombs,* 835 F.2d at 460-61 (finding that SEPTA, which may sue and be sued under its enabling legislation, is a Commonwealth agency entitled to sovereign immunity under the Pennsylvania statute); *Marshall v. Port Authority of Allegheny*, 568 A.2d 931 (Pa. 1990) (immunity statute applied to authority, even though the Authority has the power to sue and be sued under enabling legislation, 55 P.S. § 553(b)(2)). Even though PHEAA may "sue and be sued," PHEAA must obtain the Attorney General's consent before PHEAA defends or initiates legal action. 71 P.S. § 732-204(c).

Secretary of Education, three additional gubernatorial appointees (all subject to Senate confirmation), and 16 members appointed by the legislature. Twelve of the 16 legislative appointees are sitting members of the General Assembly. *Id.*

Moreover, the Governor must pre-approve any debt PHEAA incurs; the Commonwealth Treasurer must pre-approve every penny PHEAA spends; the Auditor General audits PHEAA to ensure that PHEAA is carrying out the agency statutory purpose; and the Attorney General must pre-approve all PHEAA contracts and the initiation or defense of all litigation.[6] 24 P.S. §§ 5102, 5104(1.1), 5104(3), 5105.1(a), 5108; 71 P.S. § 732-204(c) and (f); 72 P.S. §§ 306, 307, 1501, 1502.

Significantly, the Commonwealth Court on at least two occasions has determined that PHEAA is a Commonwealth agency within the meaning of 42 Pa.C.S. § 102. In *Richmond v. Pennsylvania Higher Education Assistance Agency*, 297 A. 2d 544 (Pa. Commw. Ct. 1972), the court considered its original jurisdiction in cases against the Commonwealth. The Court found that PHEAA was a Commonwealth agency within the jurisdictional statutory definition, which included "departments, departmental administrative boards and commissions,

---

[6]   *See also* Exhibit A, which summarizes the extent of Commonwealth control over PHEAA.

7

officers, independent boards or commissions, authorities and other agencies of this Commonwealth." *Id.* at 546.

In a subsequent decision, *Greenfield v. Pennsylvania Insurance Guaranty Association*, 353 A. 2d 918 (Pa. Commw. Ct. 1976), the Commonwealth Court addressed whether the defendant insurance association was a Commonwealth agency. In concluding the association was not a Commonwealth agency, the Court noted the defining characteristics of PHEAA that supported the Court's holding in *Richmond*:

> In *Richmond* ..., we held that the Pennsylvania Higher Education Assistance Agency was an agency of the Commonwealth. The Act of August 7, 1963, P.L. 549, as amended, 24 P.S. § 5101 et seq., reveals that PHEAA is denominated a government instrumentality; that the members of the board of directors are appointed by the Governor, the President Pro Tempore of the Senate or Speaker of the House, that on dissolution its assets become the property of the State; and that at least part of its operating expenses is provided by a yearly appropriation by the General Assembly.

*Id.* at 920 (holding that the Association lacked all of PHEAA's characteristics). *Accord, PHEAA v. Xed*, 456 A.2d 725, 726 (Pa. Commw. Ct. 1983) (following *Richmond* and holding that PHEAA, as a Commonwealth agency, is not required to comply with state statutes of limitations regarding any cause of action, claim or demand it may have to recover any money owed to PHEAA). *See also PHEAA v. Reid*, 15 Pa. D. & C.3d 661, 665-66 (Pa. Com. Pl. 1980) ("[B]y looking at the

entire statutory scheme which created PHEAA and at the sole reason for its existence, the conclusion is inescapable that PHEAA is an agency of the Commonwealth.")

The clear authority establishes that PHEAA is a Commonwealth agency entitled to sovereign immunity. This Court should hold, as the Commonwealth Court has held, that PHEAA is a "Commonwealth agency" and therefore entitled to immunity under Pennsylvania's immunity statute.

## B. The Legislature Has Not Waived Sovereign Immunity Under the Wage Laws.

Pennsylvania has adopted a broad view of sovereign immunity. The immunity statute, adopted in 1978, provides that the Commonwealth "shall continue to enjoy sovereign immunity and official immunity and remain immune from suit *except as the General Assembly shall specifically waive the immunity*." 1 Pa.C.S. § 2310 (emphasis added). Thus, by the terms of the statute, unless the General Assembly expresses a clear intent that the Commonwealth and its agencies are subject to suit, a waiver of immunity may not be inferred. Critically, here, the legislature has not expressed a clear intent to waive immunity under the WPCL or the MWA. Plaintiff, tellingly, identifies no authority evidencing such intent.

### 1. The Legislature Has Not Expressly Waived Immunity Under Either the WPCL or the MWA.

In his brief, Plaintiff claims that legislative amendments to the MWA before and after passage of the Sovereign Immunity Act in 1978 subject the Commonwealth to the wage laws. Specifically, he contends that application of the MWA to PHEAA may be *inferred* because of one amendment to the wage statute in 1974 – prior to passage of the Sovereign Immunity Act – and another amendment to the wage statute in 1988 – after passage of the Sovereign Immunity Act. However, the Pennsylvania Supreme Court has rejected Plaintiff's approach to the interpretation of this statute.

An understanding of sovereign immunity in Pennsylvania and amendments to the MWA is necessary to understand why Plaintiff's argument fails. The Pennsylvania legislature enacted the Sovereign Immunity Act in 1978 after the Pennsylvania Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways*, 388 A.2d 709 (Pa. 1978). In *Mayle*, the Supreme Court abolished common-law sovereign immunity.

As passed in 1968, the Minimum Wage Act included an exemption from both the minimum wage and overtime provisions for individuals "in the employ of the United States or the Commonwealth of Pennsylvania or any political subdivision or instrumentality of the Commonwealth of Pennsylvania." This exemption could be found in Section 5(a)(7) of the 1968 statute. Later, in a 1974

10

amendment to the MWA, the legislature removed the Section 5 exemption for federal and Commonwealth employees.

Given this context, Plaintiff argues that the sovereign immunity statute does not trump the wage laws because the 1974 MWA amendment removing the exemption for employees of the Commonwealth (such as PHEAA's employees) means the Pennsylvania legislature intended for the MWA to cover those employees. When the legislature enacted the immunity statute, according to Plaintiff, it intended the contours of the immunity statute to exist as they existed before the Supreme Court's decision in *Mayle*. In other words, according to Plaintiff, Pennsylvania's immunity doctrine did not create immunity where none existed previously and, as a result, Commonwealth employees were not exempted (and are not now exempted) from the MWA.

However, the Pennsylvania Supreme Court has rejected the very argument that Plaintiff advances here. *Marshall,* 568 A.2d 931. In *Marshall*, the Pennsylvania Supreme Court determined whether the Port Authority, who was sued by an injured employee of a third-party contractor, was entitled to sovereign immunity from the tort claim. Appellant claimed that immunity did not attach because, at the time the General Assembly enacted statutory sovereign immunity in 1978, the Authority would not have been entitled to the immunity shield. The Supreme Court rejected his argument:

11

> Appellant has asserted that, despite the clear import of
> the statutory immunity provisions, the legislature did not
> intend when it enacted the sovereign immunity
> provisions in 1978 and 1980 to confer immunity upon
> entities which had not been immune from suit prior to
> our decision abolishing common-law sovereign immunity
> in *Mayle*. ... *We have repeatedly held, however, that in
> cases such as the present one where the language of a
> statute is clear and explicit, consideration of arguments
> based upon supposed contrary legislative intent or
> legislative history is improper. ... The best indicium of
> legislative intent regarding the scope of sovereign
> immunity is the plain language employed in the statute,
> and we are constrained to give effect to that language.*

568 A.2d at 934 (citations omitted) (emphasis added); *see also Toombs v.*

*Manning*, 835 F.2d 453, 459 (3d Cir. 1987) (holding that Southeastern

Pennsylvania Transportation Authority is protected by the Pennsylvania sovereign

immunity statute, and that the scope of sovereign immunity is governed by express

statutory provisions and is not dependent upon whether entities now immune from

suit were protected from liability prior to the decision in *Mayle*).

Thus, Plaintiff's analysis of the 1974 amendment collapses under the

authority of *Marshall*. The *Marshall* decision teaches that any amendments to the

MWA that occurred before enactment of the immunity statute in 1978 are

irrelevant. *Marshall* instructs that the Commonwealth enjoys immunity *"except as*

*the General Assembly shall specifically waive the immunity."* 1 Pa.C.S. § 2310

(emphasis added). Thus, when the legislature passed the immunity statute, the

12

inference that Plaintiff asks this Court to draw from the 1974 amendment to the MWA evaporated.

Similarly, the inference that Plaintiff asks this Court to draw from the 1988 amendment to the MWA likewise fails under the clear teaching of *Marshall*. The 1968 Act's definition of "employe" (in Section 2 of the MWA) specifically excluded "any individual to the extent that he is subject of the Federal Fair Labor Standards Act." In 1988, the legislature amended the definition of "employe" to read: "Employe includes any individual employed by an employer." Thus, the legislature eliminated any reference to the FLSA.[7]

Plaintiff contends that this definitional change means that the MWA covers Commonwealth employees. But the 1988 amendment does not reference "Commonwealth employees." Instead, the 1988 Amendment removed the exclusion for employees covered by the FLSA – which could include employees employed in the private sector. *Marshall* teaches that if the legislature intended to make the MWA applicable to the Commonwealth and its agencies after passage of the immunity state after 1978, the General Assembly would have stated that

---

[7]   The definition of employer under the MWA has remained constant since 1968. Employer "includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe." 43 P.S. § 333.103(g).

13

intention clearly.  Because the legislature has not, this Court must reject Plaintiff's contention.

### 2.   The Legislature Expressly States When It Has Waived Sovereign Immunity.

When the legislature intends to waive sovereign immunity, it does so explicitly.  For example, the definition of "employer" in the Pennsylvania Human Relations Act  ("PHRA") "includes the Commonwealth or any political subdivision or board, department, commission or school district thereof and any person employing four or more persons within the Commonwealth...."  43 P.S. § 954(b).

Thus, when Mansfield State College contended that it was immune from suit because it was a state college, the Commonwealth Court disagreed.  *Mansfield State Coll. v. Kovach*, 407 A.2d 1387 (Pa. Commw. Ct. 1979).  The Court observed that, because Section 4 of the PHRA included the Commonwealth in the definition of employer, the employee had properly stated a statutory cause of action against the Commonwealth entity.  *Id.* at 1388.

Neither the WPCL nor the MWA expressly identifies the Commonwealth and its agencies as an *employer* subject to coverage, and there is no evidence remotely suggesting that the legislature intended to include the Commonwealth as an *employer* under either statute.  If the legislature intended to waive immunity

14

under either the WPCL or MWA, it would have defined the term employer to include the Commonwealth, as it did in the PHRA.

### C. The WPCL and the MWA Do Not Apply to PHEAA Because PHEAA Is Not an "Employer" Under Either Statute.

Both the WPCL and the MWA define employer to include a "corporation." 43 P.S. § 260.2a, 43 P.S. § 333.103. Plaintiff contends that the legislature intended the statutes to apply to *any* and *every* corporation, and that, because PHEAA's enabling act defines PHEAA as a "body corporate," the WPCL and MWA necessarily apply to PHEAA. For good reasons, the Commonwealth Court and Pennsylvania's Attorney General have rejected this conclusion.

### 1. Pennsylvania Courts Have Held That the WPCL Does Not Apply to "Public" Corporations.

In *Huffman v. Borough of Millvale*, 591 A.2d 1137 (Pa. Commw. Ct. 1991), the Commonwealth Court drew a critical distinction between a "municipal corporation" and a "private corporation" in finding that the WPCL did <u>not</u> apply to municipalities. There, in response to a police officer's suit against a borough alleging that it did not pay him his full disability benefit, the trial court sustained the defendant borough's objections that the WPCL did not apply to municipalities.

On appeal, the officer urged the Commonwealth Court to construe the definition of employer in the statute to include municipal corporations (*i.e.*, a

15

public corporation).  The Commonwealth Court declined to apply such a broad

interpretation.  The Court held:

> Municipal corporations such as the Borough are not
> included within the definition of "employer," and we, as
> an appellate court, cannot expand the definition of
> "employer" to include them. *There is a clear distinction*
> *between municipal and private corporations and, if the*
> *legislature wished that municipal corporations be*
> *covered by the Law, it could have easily included them.*

*Id.* at 1138-39 (citations omitted; emphasis added).

Two years later, in *Philipsburg-Osceola Educ. Ass'n. v. Philipsburg-*

*Osceola Area School Dist.*, 633 A.2d 220 (Pa. Commw. Ct. 1993), the

Commonwealth Court considered whether a school district, which, like PHEAA, is

a statutorily created "body corporate," was an employer under the WPCL.  Again,

the Court declined to extend the WPCL's definition of corporation to include a

*public* corporation:

> The Association argues that school districts are
> statutorily created "bodies corporate" pursuant to Section
> 211 of the Public School Code of 1949, 24 P.S. § 2-211.
> However, our decision in *Huffman* leads us to perceive
> an equally clear distinction between school districts and
> private corporations. The legislature could have easily
> included municipal corporations or, for that matter,
> school districts under its definition of employer, but it did
> not. We therefore decline to extend the Wage Law to
> school district employers.

*Id.* at 223; *see also Chatterjee v. School Dist. Of Phila.*, 170 F. Supp. 2d 509 (E.D.

Pa. 2001) (school district not an "employer" under WPCL); *Heiser v. Southeastern*

16

*Pennsylvania Transportation Authority,* Slip Op., C.C.P. Phila. July Term 1999

No. 3167, at 8-10 (Pa. Com. Pl. Nov. 30, 2001), attached as Exhibit B (holding that

SEPTA is a Commonwealth agency not subject to the WPCL).[8]

In his brief, Plaintiff cites to an Order issued without an opinion in which the

federal district court in Philadelphia declined to dismiss a WPCL claim against the

Pennsylvania Convention Center Authority.  *See* Exhibit 3 to Plaintiff's brief.

Because the Order was issued without an opinion, the Order lacks any persuasive

authority.  If the legislature intended for the Commonwealth and its agencies to be

employers subject to the WPCL, it would have said so.

### 2. Pennsylvania's Attorney General Has Determined That the MWA Does Not Apply to the Commonwealth and Its Agencies Because They Are Not "Employers" Under the Statute.

Plaintiff claims the MWA defines employer to include a corporation, but,

like the WPCL, this statute does not state that it applies to *public* corporations.  In

In 1976, in response to a request from the Pennsylvania Secretary of Labor and

Industry, who has enforcement authority over the WPCL and the MWA, the

---

[8]    In its opening brief, PHEAA incorrectly stated that *Heiser* involved a claim under the MWA.  *Heiser* involved a claim under the WPCL.  The full text of the opinion in *Heiser* was inadvertently omitted as an exhibit to PHEAA's opening brief.  The full opinion is attached to this brief as Exhibit B.

17

Attorney General issued an opinion on this issue. *See* Attorney General Opinion, attached as Exhibit C.

The Attorney General considered, *inter alia*, whether the definition of "employer" in the MWA included the Commonwealth and its political subdivisions and instrumentalities. Much like the Commonwealth Court determined in the WPCL cases, the Attorney General opined that the definition of employer under the MWA did not include the Commonwealth and its agencies. The Attorney General reasoned that the Commonwealth and its agencies were not employers under the MWA because they were not specifically named in the MWA, nor could a legislative intention to include the Commonwealth or its agencies in the definition be necessarily implied. *Id.* We ask the Court to give deference to the Attorney General's Opinion. *See Pievsky v. Ridge*, 98 F.3d 730, 739 (3d Cir. 1996) ("Pennsylvania courts and state agencies accord deference to the formal opinions of Pennsylvania's Attorney General on matters of statutory interpretation."); *Commonwealth of Pennsylvania ex rel Pappert v. Coy*, 860 A.2d 1201, 1208 (Pa. Commw. Ct. 2004) ("courts customarily afford great weight to the opinions of the Attorney General").

18

## III. CONCLUSION

PHEAA is an agency of the Commonwealth and therefore immune from Plaintiff's state-law claims pursuant to Pennsylvania's Sovereign Immunity Act. The legislature has not clearly waived immunity in the WPCL or MWA. Alternatively, the WPCL and the MWA are not applicable to PHEAA. Accordingly, for the reasons set forth in PHEAA's opening brief and this reply brief, the Court should dismiss, with prejudice, Count II of the Complaint.

Dated:  November 2, 2012       **STEVENS & LEE**

By *s/ Jo Bennett*
    Daniel B. Huyett (PA 21385)
    Kenneth D. Kleinman (PA 31770)
    Joseph P. Hofmann (PA 58384)
    Jo Bennett (PA 78333)
    Neil C. Schur (PA 79068)
    1818 Market Street, 29th Floor
    Philadelphia, PA 19103
    Phone: 215-751-2883
    Fax: 610-988-0869
    dbh@stevenslee.com
    kdk@stevenslee.com
    jb@stevenslee.com
    ncsc@stevenslee.com

    Attorneys for Defendant, Pennsylvania
    Higher Education Assistance Agency