IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LANG, SR., *individually and on behalf of all others similarly situated,* | : : : | 1:12-cv-1247 |
| Plaintiffs, | : | |
| v. | : : | Hon. John E. Jones III |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, | : : : : | |
| Defendant. | : | |

## MEMORANDUM and ORDER

### January 18, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 21). Also before the Court is Plaintiff's motion for leave to supplement his brief in opposition to Defendant's motion (Doc. 40). For the reasons set forth below, Plaintiff's motion shall be denied and Defendant's motion shall be granted.

**I.  PROCEDURAL HISTORY**

On June 29, 2012, Anthony Lang, Sr., ("Lang") filed a Complaint (Doc. 1), individually and on behalf of all other similarly situated, against the Pennsylvania

1

Higher Education Assistance Agency ("PHEAA"). In his Complaint, Lang alleges that he and other PHEAA employees were required to arrive at work early to log in to various computer applications and perform other tasks so that they would be ready to handle calls at the beginning of their shifts. Lang alleges that he, and others similarly situated, were not paid for this time. PHEAA's alleged failure to pay Lang and employees for this time forms the factual basis for the two counts presented in Lang's Complaint. In Count I, Lang alleges a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* In Count II, Lang alleges violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*

On September 11, 2012, PHEAA responded with the filing of a Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 21) and a brief in support thereof (Doc. 22), arguing that the Wage Payment and Collection Law ("WPCL") and Minimum Wage Act ("MWA") are inapplicable to PHEAA and that therefore Count II fails to state a claim as a matter of law. Lang filed his brief in opposition to the motion (Doc. 31) on October 16, 2012, and PHEAA filed its reply brief (Doc. 35) on November 2, 2012.

A week later on November 9, 2012, Lang filed a motion for leave to file a sur-reply brief (Doc. 36). Lang argued that PHEAA's reply brief was significantly

longer than its initial brief in support of the motion and that the reply brief introduced new arguments and cited cases not previously mentioned. This was followed by a response from PHEAA on November 12, 2012 (Doc. 37) and a supporting brief from Lang on November 20, 2012 (Doc. 38). On November 26, 2012, we issued an Order (Doc. 39) denying Lang's motion.

On December 6, 2012, Lang filed another motion, this time a motion for leave to supplement his brief (Doc. 40). Lang filed a brief in support of the motion on December 17, 2012 (Doc. 43). On December 26, 2012, PHEAA filed a brief in opposition (Doc. 45). We will discuss and resolve this motion in the discussion below. In light of that resolution, the underlying motion to dismiss has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the

complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a

4

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 588 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

5

## III. DISCUSSION

As discussed above, there are two motions presently before the Court. First we will briefly discuss and resolve Plaintiff's motion to supplement his brief in opposition to PHEAA's motion to dismiss. Then, we will analyze PHEAA's motion.

### A. Plaintiff's Motion to Supplement His Brief

Lang argues in his motion that he has become aware of a portion of PHEAA's employee handbook which he believes directly contradicts PHEAA's arguments in support of dismissal. The handbook states that "[e]mployees in nonexempt, non-union classifications will be compensated according to the provisions of the Fair Labor Standards Act (FLSA) *and applicable Pennsylvania law*." (Doc. 40, Ex. 1 at 33, emphasis added). Lang believes this to be an admission by PHEAA that it is subject to the WPCL and MWA. We disagree. The statement does not specifically name the WPCL or MWA. It does nothing to clarify whether any particular Pennsylvania statute applies to PHEAA. It merely conveys that Pennsylvania law, rather than the law of any other jurisdiction, applies. Because the information Lang seeks to add to his brief is irrelevant to our analysis, we shall deny Lang's motion to supplement his brief and move on to the merits of PHEAA's motion to dismiss.

B.  **Defendant's Motion to Dismiss Count II**

Defendant argues that a dismissal is warranted on the basis of sovereign immunity and because the WPCL and MWA do not apply to PHEAA. It argues that Pennsylvania's Sovereign Immunity Act, 1 P.S. § 2310, shields Commonwealth agencies and employees from being sued under the WPCL and MWA. PHEAA argues that it is a Commonwealth agency and therefore immune from suit. PHEAA also argues that, even in the absence of sovereign immunity, Count II must be dismissed because the MWA is not applicable to employees of PHEAA and PHEAA is not subject to the WPCL.

The Commonwealth of Pennsylvania, along with "its officials and employees acting within the scope of their duties," enjoy sovereign immunity and are therefore immune from suit "except as the General Assembly shall specifically waive the immunity." 1 P.S. § 2310. The defense of sovereign immunity is available to a "Commonwealth party, which is a 'Commonwealth agency and any employee thereof....'" *Snead v. Society for Prevention of Cruelty to Animals of Pennsylvania,* 985 A.2d 909, 913 (Pa. 2009) (quoting 42 P.S. § 8501). "[I]n determining whether an whether an entity is a Commonwealth agency for sovereign immunity purposes, the important factors to be considered are whether the entity was created by the state to perform a state function so that a judgment

7

against it would, in essence, injure the state." *James J. Gory Mechanical Contacting, Inc. v. Philadelphia Housing Authority,* 855 A.2d 669, 677 (Pa. 2004).

First, we must determine whether PHEAA is a Commonwealth agency under Pennsylvania law. As this is principally a matter of statutory interpretation, the intent of the General Assembly is paramount. 1 P.S. § 1921(a). When a statute is clear and unambiguous, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 P.S. § 1921(b).

PHEAA was established in 1963 with the adoption of 24 P.S. §§ 5101-5112. Section 5101 states that "[t]here is hereby created a body corporate and politic constituting a public corporation and government instrumentality which shall be known as the 'Pennsylvania Higher Education Assistance Agency.'" Section 5102 describes PHEAA's purpose: "The purpose of such agency shall be to improve the higher educational opportunities of persons who are residents of this State and who are attending approved institutions of higher education... by assisting them in meeting their expenses of higher education...." Section 5105.6 goes on to say that "the creation of the agency is in all respects for the benefit of the people of the Commonwealth, for the improvement of their health and welfare, and for the promotion of the economy, and that such purposes are public purposes and the agency will be performing an essential government function in the exercise of the

powers conferred upon it by this act...."

It is clear from a review of PHEAA's governing statutes that the General Assembly intended that PHEAA be a Commonwealth agency. PHEAA was established as a "public corporation and government instrumentality" to perform an "essential government function" for "public purposes." 24 P.S. §§ 5101, 5105.6. The name the Legislature chose for the organization includes the word "Agency" and PHEAA is repeatedly referred to in shorthand as "the agency" throughout sections 5101 to 5112. PHEAA's board of directors includes the Secretary of Education and nineteen other members appointed by the Governor, President pro tempore of the Senate, or Speaker of the House of Representatives. 71 P.S. § 111.2. PHEAA's activities are subject to the audit of the Department of Auditor General and it is required to report annually to the Governor and the Legislature. 24 P.S. § 5108. The property, income, and activities of PHEAA are tax-exempt. 24 P.S. § 5107. If PHEAA is dissolved or ceases its activities, all its properties and funds in excess of its obligations are property of the Commonwealth. 24 P.S. § 5109. The plain language of these statutes leaves no doubt that the General Assembly created PHEAA to perform a state function. The Pennsylvania courts that have examined the issue have come to the same conclusion. *See* e.g. *Richmond v. PHEAA*, 297 A.2d 544 (Pa. Cmmw. Ct. 1972); *PHEAA v. Reid*, 15 Pa.

D. & C.3d 661 (1980); *PHEAA v. Barksdale*, 449 A.2d 688 (Pa. Super. Ct. 1982); *PHEAA v. Xed*, 456 A.2d 725 (Pa. Cmmw. Ct. 1983).

Further, a judgment against PHEAA "would, in essence, injure the state." Although PHEAA is somewhat insulated from the Treasury by 24 § P.S. 5104(8), which provides that "no debt of the agency shall be a debt of the Commonwealth," ultimately PHEAA's assets are assets of the Commonwealth. "PHEAA's funding is derived partially through its servicing activities and partially through appropriations, but all of its funds are subject to state control." *U.S. ex rel. Oberg v. PHEAA*, 2012 WL 6099086 at *6 (E.D. Va. Dec. 5, 2012). The services that PHEAA provides are for the general welfare of the people of the Commonwealth and so it is entitled to sovereign immunity because judgment against it would injure the state.

Having found that sovereign immunity applies in this situation, the remaining question is whether Pennsylvania has waived its sovereign immunity. We find that it has not. Exceptions to sovereign immunity "must be strictly construed." *Finn v. City of Philadelphia*, 664 A.2d 1342, 1344 (Pa. 1995). The Commonwealth must "specifically waive" sovereign immunity; otherwise, it applies. 1 P.S. § 2310. There are nine exceptions to sovereign immunity listed in 42 P.S. § 8522(b): (1) vehicle liability; (2) medical-professional liability; (3) care,

custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.  Section 8522(a) states that sovereign immunity is waived "in the instances set forth in subsection (b) *only*..." (emphasis added).  Thus, section 8522(b) is an inclusive list of all situations under which a Commonwealth party waives sovereign immunity.  *See Battle v. Philadelphia Housing Authority*, 594 A.2d 769, 771 (Pa. Super. Ct. 1991).  Any arguments to the contrary based on "supposed contrary legislative intent or legislative history" are improper in light of the clear and explicit language of the statute.  *Marshall v. Port Authority of Allegheny County*, 568 A.2d 931, 934 (Pa. 1990).  Here, none of the nine exceptions apply.  Thus, PHEAA is shielded from suit under the WPCL and MWA.  Because sovereign immunity applies, Count II must be dismissed and we need not address PHEAA's arguments that the WPCL and MWA are inapplicable for other reasons.

## IV. CONCLUSION

For the foregoing reasons, we shall grant Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 21).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Leave to Supplement Brief in Opposition to Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 40) is **DENIED**.

2. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 21) is **GRANTED**.

3. Count II of Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

s/ John E. Jones III
John E. Jones III
United States District Judge