# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Lang, Sr. and Ahkeem Brown, individually and on behalf of all others similarly situated,<br>    Plaintiffs<br><br>   v.<br><br>Pennsylvania Higher Education Assistance Agency, et al.,<br>    Defendants | CIVIL ACTION NO.: 1:12-CV-1247-JEJ<br><br><br><br>Judge Jones |

## ORDER

AND NOW, this 15th day of June, 2017, upon consideration of Plaintiffs' Unopposed Motion to Approve Collective Action Settlement and Attorney Fees with Memorandum in Support (Doc. 173), the accompanying and fully executed Settlement Agreement and Release ("Settlement Agreement"), and all other papers and proceedings herein, it is hereby ORDERED that:

1. The Motion is **GRANTED**, and the accompanying Settlement Agreement is **APPROVED** as a fair, reasonable and adequate resolution of this action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and is binding on all Parties, including Participating Collective Members.

2. The following class is certified, for settlement purposes only, pursuant to Section 16(b) of the FLSA:

> all Call Center employees who were employed by PHEAA in the FedLoan Servicing Customer Service and the FedLoan Servicing Collections Call Centers (hereinafter "FLS Call Centers") in Pennsylvania (Cost Centers Nos. 5310 and 5320) between September 1, 2009 and August 31, 2012.

3. The Parties shall proceed and provide the Notice to the Class Members, in accordance with the terms of their Settlement Agreement, and the Settlement Claims Administrator to perform all duties described in the Settlement Agreement.

4. The opt-in period for this matter shall be implemented in accordance with the Settlement Agreement.

5. The law firms of Stueve Siegel Hanson LLP and McCarthy Weisberg Cummings, P.C. are appointed as lead counsel for purposes of representing Plaintiffs and all settlement participants during any and all further proceedings to the settlement.

6. The award of attorneys' fees and costs, as described in the Settlement Agreement, to be paid to Plaintiffs' Counsel, and the award of Service Awards, as

described in the Settlement Agreement, to be paid to Named Plaintiffs, is **APPROVED**.[1]

7. The action is **DISMISSED WITH PREJUDICE AS SETTLED**, although this Court retains jurisdiction over this action for purposes of overseeing any disputes arising from the implementation, administration, or enforcement of the settlement terms.

8. All Participating Collective Members, including the Named Plaintiffs, are permanently barred from prosecuting any of the Released Claims against any Defendants, as those terms are defined in the Parties' Settlement Agreement.

9. The Clerk of Court shall **CLOSE** the file on this case.

BY THE COURT:

s/ John E. Jones III
John E. Jones III
United Stated District Judge

---

[1] The requested attorneys' fees, at first blush, gave the Court pause. They comprise a significant portion of the total settlement; however, during the course of this action, which was initiated in June of 2012, the parties engaged in significant and complex motion practice. Additionally, the parties litigated this matter before the United States Court of Appeals for the Third Circuit on two separate occasions. We reviewed *in camera* the time sheets of the attorneys who worked on this matter during the five year span of this intensively litigated matter, which was rife with issues both factual and legal. We find that the hourly rates, as well as the amount of hours expended, to be normal and consistent with other matters of this scope. Given the duration and complexity of the litigation, we find the attorneys' fees portion of the settlement to be entirely reasonable.